UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>HENRY ESMAR FERNANDEZ,<br><br>                         Defendant. | Case No.: 20mj20456-MSB-JLS<br><br>**ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION** |

      Pending before the Court is Defendant's appeal from the Order of the Magistrate Judge denying Defendant's motion to prevent his civil arrest in court and the denial of a stay pending this appeal (ECF No. 37). The Court has considered the parties' submissions as well as the applicable law and concludes that Defendant's appeal must be dismissed for lack of jurisdiction.

### Background

      Defendant Henry Esmar Fernandez is charged with a misdemeanor offense of improper attempted entry by an alien in violation of 8 U.S.C. § 1325(a)(1). ECF No. 1. Defendant is released on bond and a change of plea/sentencing hearing is currently set before Magistrate Judge Michael S. Berg on November 5, 2020. ECF No. 59.

      Defendant filed a pretrial motion to "prohibit his unlawful and unconstitutional civil arrest at court." ECF No. 30. At a hearing held on August 11, 2020, the Magistrate Judge denied the motion, finding that he was "not authorized to grant the requested injunctive relief." ECF No. 46-1 at 13. This appeal, timely filed on August 18, 2020, followed.

**Analysis**

Pursuant to Rule 58(g)(2)(A), a person may bring an interlocutory appeal from an order of a magistrate judge "if a district judge's order could similarly be appealed." Typically, a district judge's order may be appealed only if it is a final decision. Courts of appeal do not have jurisdiction "until there has been a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."" *Van Cauwenberghe v. Baird,* 486 U.S. 517, 521 (1988), quoting *Catlin v. United States*, 324 U.S. 229 233 (1945). An exception to this rule exists under the collateral order doctrine. Under this doctrine, an order may be immediately appealed if it satisfies each of three conditions: "it must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Id.* at 522, quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468 (1978). These conditions are stringent, and efforts to expand the scope of the collateral order doctrine have been repeatedly rebuffed. *United States v. Academy Mortgage Corp.,* 968 F.3d 996, 1002 (9th Cir. 2020) (quotations omitted).

In the Court's view, Defendant's appeal fails on each of the three conditions for interlocutory appeal. First, the Magistrate Judge held that he lacked the authority to issue relief, he did not rule on the merits of Defendant's motion. Thus, there was no conclusive determination of the disputed question.

Second, the order did not resolve an important issue. Although the issue was certainly separate from the merits of the action, it did not touch on an issue important in the context of the action, a criminal proceeding pending in this courthouse. Defendant does not allege any prejudice to his defense resulting from the Magistrate Judge's order. If Defendant is convicted after his trial, being taken into immigration custody will be warranted. Defendant will have suffered no harm other than being arrested at a location he believes is not permitted. The Court is not persuaded that this interest is sufficient to merit expanding the narrow scope of the collateral order doctrine. Finally, Defendant's

claim can be adequately, and appropriately, vindicated by other means such as a civil lawsuit seeking injunctive relief against the prospective arresting agency—the means utilized in the cases cited by Defendant in support of his motion.

For these reasons, the Court concludes that the collateral order doctrine is not applicable in this case and will dismiss Defendant's appeal for lack of jurisdiction. However, even if the Court were to consider the merits of Defendant's claim, the Court would find no error because the Magistrate Judge was correct in his conclusion that he could not issue injunctive relief.  Defendant's attempts to cast his motion as something other than a request for prospective relief are unpersuasive.  Second, even if the Magistrate Judge did possess such authority, the motion would have been properly denied because the entity sought to be enjoined, the Department of Homeland Security, was not a party to the action.  Finally, the Court agrees with the conclusion of the First Circuit in *Ryan v. U.S. Immigration & Customs Enforcement*, 2020 WL 5201945 (1st Cir. Sept. 1, 2020), that the common law privilege against courthouse arrests does not apply to civil immigration arrests.[1]

## Conclusion

For the reasons set forth above, the Court finds that it lacks jurisdiction to consider Defendant's appeal.  Accordingly, Defendant's appeal is HEREBY DISMISSED.

IT IS SO ORDERED.
Dated:  October 29, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[1] In *Ryan*, the First Circuit vacated a preliminary injunction prohibiting courthouse arrests and found that the plaintiffs "failed to demonstrate that they are likely to succeed in showing that the common law privilege against courthouse arrests clearly applied to civil immigration arrests." 2020 WL 5201945 *9.